ON PETITON FOR REPIEARING
In his petition for rehearing the petitioner asserts that this court made inconsistent rulings, that is, that by affirming the judgment of the trial court we held that the petitioner’s attorney should be excluded from the room during an investigation, as he interprets the decision of the trial court, and that the hearing under Section 27.04, Florida Statutes, F.S.A., was open. We do not give the order of the trial judge such a literal meaning.
j; He was faced with the problem whether Ol‘ not a prospective witness could refuse to testify unless he was accompanied by his attorney. Obviously, the judge was correct when he decided that the proposed witness could claim no such right. In his order he held that the petitioner should appear and submit to interrogation “without the presence of counsel * * Inasmuch as the prime question was whether or not a witness could refuse to testify without his attorney being present and since the hearing was, or should have been, open, we interpreted the quoted portion of the order to mean that the witness would have to appear whether his counsel was present or not.
' A picture of the proceedings gathered from the record seems to justify the interpretation. The petitioner states that the court was correct in holding that hearings under Section 27.04, Florida Statutes, F.S. A., were open. This seems to be the attitude also of the State for in the Attorney General’s brief we find this language: “Even if the interrogation rather than 'inquisition’ takes place pursuant to Sec. 27.04, F.S.A., these proceedings are not of such a due process nature as to warrant the presence of counsel along with the witness.” And it is further stated in the brief that “Perhaps it is important to mention what the State Attorney is empowered to do pursuant to Sec. 27.04, is not done in 'secret chambers.’ ”
The record shows that at the outset of the investigation the assistant state attorney, who was conducting or assisting in conducting the hearing on the citation for contempt, stipulated that when the witness, now petitioner, came into the office of the assistant state attorney, there was no time to advise him of “anything” since witness’s lawyer refused to let him testify and the witness refused to testify without the attorney being present. This strongly resembles a non sequitur but we will not pause to discuss it. Instead we hasten to the next entry in the record where it appears that the assistant state attorney said to the witness’s attorney “ ‘You may not stay in here, sir, but your client may ask you, and go outside to do so, any questions that he is asked to confer with you. As far as sitting here during the time I am questioning him, you may not, sir.’ ”
This presents a truly remarkable situation. At an open hearing attorneys representing witnesses would be excluded, but the witnesses could pass in and out to consult their lawyers. Such goings on would not, it seems to us, be conducive to orderly procedure.
After digesting the petition for rehearing we are back to our original thought that a witness may not plant his feet and decline to testify in obedience to a summons unless his lawyer is with him, and that any attorney may be present in a hearing so long as he does not interfere with the course of the investigation. If he does interfere, his conduct may be regulated by a proceeding in contempt.
The petition for rehearing is denied.
- THORNAL, C. J., and ROBERTS* CALDWELL and ERVIN, JJ., concur.